Brady, J.
This action was brought to restrain the defendant from violating a contract entered into between the plaintiff and him, in reference to the boarding of horses.
In September, 1886, the defendant owned and conducted in this city, a boarding stable at West Sixtieth street, which he sold on the 24th of September, with the business therein' conducted, and it was arranged as a part of the transfer, that he was not to be at liberty to open a stable or be engaged or interested in any way in a stable for the boarding of horses for road or carriage purposes, between Fortieth and Eightieth streets, west of Fifth avenue. It was understood, however, that he should be at liberty to be" interested in a stable or stables for the keep and board of saddle horses only. The complaint was that the defendant disregarding his agreement opened and conducted a stable within the prohibited territory, and took and-boarded for hire, road and carriage horses.
This was denied and the, allegation specifically made that the stable in question was conducted solely and exclusively for riding and saddle horses. The issue thus created is apparent.
The learned justice in the court below found in favor of the defendant and expressed his views in an opinion which is sufficiently comprehensive, doubtless to dispose of the whole case.
No reason has been developed either by argument or by perusal of the evidence which would justify the interference with the judgment rendered.
*428 . It is true that on behalf of the plaintiff testimony was: given showing that horses had been driven from the stables- and back again. But this was occasional only, of horses that were used under the saddle, but so broken as to be useful in harness.
It further appeared that the defendant intended to keep his faith as per contract and refused a great many applications to board horses that were to be used for driving purposes, and referred some of the applicants to the plaintiff. This evidence was not gainsaid, and there is nothing in the-case to warrant its discredit. The defendant, among other-things, said: A great many have applied to me to board carriage horses. I refused those who wanted to bring their-road or carriage horses to me. When anybody made any application to me I asked them if they had saddle horses. Every one who brought their horses there brought them as-saddle horses, and that is what I supposed they were, and what I supposed they were to be used for. I have sent people that wanted to board driving horses with me to Mr. Clark and have referred them to Mr. Clark as the proper-place where they could board their horses and introduced such people to Mr. Clark and went over there with them myself.
There can be no reason to doubt that the object of the-plaintiff was to secure to himself the business of keeping-horses for driving as contradistinguished from saddle horses, and that the object of the defendant was the converse of this proposition. There can be no doubt, either upon the uncontradicted evidence of the defendant, that in conducting his businesss he endeavored and successfully, to avoid taking into his establishment any other than saddle horses. The incident of their being occasionally driven does not in any way militate against this proposition. The testimony established the fact that saddle horses are trained for driving as well as riding, a fact, which must have been within the knowledge of the plaintiff when the contract was made and which he may be presumed from his experience as a stable keeper to have known.
• The occasional use of a horse in the manner stated would not upon a just construction of the agreement between the parties be regarded as a violation of its provisions. This is-illustrated by the case of Turner v. Evans (2 E. & B., 512), in which it appeared that the defendant sold his business as a wine merchant and agreed not to carry on business-within certain places and it appeared that he had from the-places named, obtained orders from customers and executed them, and the court was called upon to say whether that was a violation of the contract.
Crompton, J., said “ I think the question is one of fact *429 Was he doing this on system ? For he would not be carrying on business if he only did it now and then.” And Lord Campbell, O. J., said “ I am of the opinion that if this is done systematically, it is carrying on the business of a wine merchant. If doné now and then, to oblige an old customer or the like, it would be no breach of the contract, for that would not be carrying on business.
A similar doctrine is expressed in Sander v. Hoffman, 64 N. Y., 248; and in Lee v. Ehrhart, 19 Law Times, N. S., 637; and Brown v. Davis, 9 Hun, 44.
The most that can be claimed by the plaintiff is that horses were occasionally driven from the stable by persons who kept them there as saddle horses and without any intention to impose upon the defendant as to their character or use.
The judgment should be affirmed with costs.
Van Brunt, P. J., and Brady, J., concur.